**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARCUS LERON WILLIAMS,

    Petitioner,

v.                                        CASE NO. 8:14-CV-1521-T-30TGW
                                                CRIM. CASE NO. 8:09-CR-566-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

BEFORE THE COURT is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). Petitioner challenges his sentence on the ground that his two prior state convictions for possession of cocaine with intent to sell or deliver under Fla. Stat., Section 893.13,[1] are not "controlled substance offenses" as

---

[1] See Presentence Report, paragraphs 17, 30, 34.

defined in 28 U.S.C. § 994(h)(2)[2] and the United States Sentencing Guidelines,[3] and therefore were incorrectly used to enhance his base offense level.[4]  After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings,[5] it is apparent that the motion is due to be summarily denied because it plainly appears from the motion and record of prior proceedings that the motion is time-barred, and Petitioner's claims do not warrant relief.  *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011).

---

[2] § 994(h)(2) provides that:

The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and. . .   (2) has previously been convicted of two or more prior felonies, each of which is. . .(A) a crime of violence. . .or. . .(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and chapter 705 of title 46 [46 USCS §§ 70501 et seq.].

[3] § 4B1.1 of the Guidelines provides in pertinent part that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "controlled substance offense" is defined in § 4B1.2 of the Guidelines as:

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

[4] Under U.S.S.G. § 2K2.1(a)(2), the defendant's offense level increases to 24 if he has two prior felony convictions for either a crime of violence or a "controlled substance offense."

[5] Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

2

**PROCEDURAL BACKGROUND**

On April 21, 2011, Petitioner pleaded guilty to Count One of the Indictment which charged Petitioner with felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (CR Dkts. 1, 27).  On August 3, 2011, Petitioner was sentenced to seventy-two (72) months imprisonment to be followed by three (3) years of supervised release (CR Dkts. 31, 32).

Petitioner did not file a direct appeal.  Petitioner filed his Section 2255 motion in June 2014 (CV Dkt. 1).

**DISCUSSION**

**I.      Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions.  *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The Judgment in Petitioner's criminal case was entered on August 3, 2011 (CR Dkt. 32). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) fourteen (14) days later, on August 17, 2011. *See Murphy*, 634 F.3d at 1307 ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of either the judgment or the order being appealed"). Petitioner therefore had one year from that date, August 17, 2012, to file his Section 2255 motion. He did not file the Section 2255 motion until June 2014, nearly two years after the limitation period expired. Consequently, Petitioner's Section 2255 motion is untimely under Section 2255(f)(1).

Apparently recognizing the untimeliness of his Section 2255 motion under 2255(f)(1), Petitioner contends that he is entitled to a delayed start of the one-year limitation under Section 2255(f)(3) based upon a "new substantive rule" recognized by the Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013) (see CV Dkt. 1 at docket p. 12). However, the Supreme Court did not make the rule announced in *Descamps* retroactive to cases on collateral review, and therefore Section 2255(f)(3) is not applicable to Petitioner's case. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) ("The declaration of retroactivity must come from the Justices."). And district courts have uniformly rejected the

4

retroactive application of *Descamps*. *See Reed v. United States*, 2013 U.S. Dist. LEXIS 146141, 2013 WL 5567703, at * 3 (M.D.Fla.2013); *United States v. Chapman*, 2014 U.S. Dist. LEXIS 65907, at *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review.") (citations omitted); *Harr v. United States*, 2014 U.S. Dist. LEXIS 58692, at *8 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). Petitioner cannot, therefore, avail himself of a delayed start under Section 2255(f)(3).

Because Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f)(3), his Section 2255 motion is untimely, precluding federal review absent a demonstration of equitable tolling.[6] Petitioner, however, does not contend that he is entitled to equitable tolling. Consequently, the timeliness of Petitioner's Section 2255 motion is calculated from August 17, 2011, the date that his conviction became final. See 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion, filed in June 2014, is time-barred, precluding federal review.

---

[6] Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

5

**II.     Merits**

Even if Petitioner's Section 2255 motion were not time-barred, his claims would fail on the merits. Petitioner contends that his two prior state convictions for possession of cocaine with intent to sell or deliver under Fla. Stat., Section 893.13, were improperly treated as "controlled substance offense[s]" under 28 U.S.C. § 994(h)(2) and U.S.S.G. § 4B1.2(b). Petitioner is incorrect because his convictions for possession of cocaine with intent to sell or deliver under Section 893.13 are "controlled substance offense[s]." *See United States v. Burton*, 2014 U.S. App. LEXIS 8585, at *3 (11th Cir. May 7, 2014) (unpublished) (upholding district court's treatment of defendant's prior convictions under Florida Statutes § 893.13(1)(a) for possession with intent to sell, manufacture, or deliver cocaine and cannabis as controlled substance offenses under U.S.S.G. § 4B1.2(b)). His base offense level was therefore correctly increased under U.S.S.G. § 2K2.1(a)(2).

Accordingly, it is **ORDERED** that:

1.     Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** with prejudice.

2.     The **Clerk** is directed to enter judgment against Petitioner dismissing the case with prejudice, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the Section 2255 motion is clearly time-barred, and Petitioner's claims are without merit, Petitioner cannot satisfy the *Slack* test. 529 U.S. at 484. And, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record

7