# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARCUS LERON WILLIAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No: 8:14-CV-1521-T-30TGW

Crim. Case No: 8:09-CR-566-T30TGW

## ORDER

Before the Court is Petitioner's "Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure ('Fed.R.Civ.P.') 59(e)" (CV Dkt. 4). Petitioner previously filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). On June 26, 2014, the Court entered an order dismissing Petitioner's motion with prejudice (CV Dkt. 2).

Petitioner now asks the Court to reconsider this order. A motion filed under Federal Rule of Civil Procedure 59(e) seeking to alter or amend a judgment must be filed no later than twenty-eight days after entry of the judgment. Petitioner's motion is timely under Rule 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F. 3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F. 3d 1116, 1119 (11th Cir. 1999)).

The Court's order dismissing Petitioner's § 2255 motion concluded that the motion was untimely. Petitioner argues that his § 2255 motion was timely and that a he is entitled to relief on the merits of his claims. He asserted in his § 2255 motion that two of his prior state convictions did not constitute controlled substance offenses under 28 U.S.C. § 994(h)(2) and the United States Sentencing Guidelines for purposes of enhancing his base offense level.

In determining that Petitioner's motion was untimely, the Court noted that Petitioner entered a plea of guilty to the charge of felon in possession of a firearm on April 21, 2011, and was sentenced to a term of seventy-two months' imprisonment, followed by three years of supervised release, on August 3, 2011. (CV Dkt. 2, p. 3.) The Court further noted that Petitioner did not file a direct appeal and did not file his § 2255 motion until June of 2014. (CV Dkt. 2, p. 3.) Therefore, the Court concluded that the motion was untimely under the one-year period of limitation to file a § 2255 motion set forth in 28 U.S.C. § 2255(f). (CV Dkt. 2, p. 4.) The Court also considered and rejected Petitioner's claim that his motion should be considered timely based on a retroactive application of the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). (CV Dkt. 2, pp. 4-5.) Petitioner contended in his § 2255 motion that *Descamps* set forth a "new substantive rule." (CV Dkt. 1, p. 12.)

In his Rule 59(e) motion, Petitioner claims that his § 2255 motion should have been considered timely because *Descamps* applies retroactively to cases on collateral review and that the Department of Justice has indicated that it will not argue against retroactive

application.  *See Parker v. Walton*, 2014 U.S. Dist. LEXIS 39860 at *6 (S.D. Ill. March 26, 2014) (unpublished) ("Respondent now informs the Court that the Department of Justice has issued a nation-wide directive instructing federal prosecutors to refrain from asserting that *Descamps* is not retroactive on collateral review.").  Petitioner contends that his motion referenced this portion of *Parker*, but that the Court's order did not expressly address this issue.

However, Petitioner has not demonstrated that his § 2255 motion could have been treated as timely under *Descamps*, even taking into account the Department of Justice policy referenced in *Parker*.  *Descamps* involved the determination of whether a prior offense is a violent felony for purposes of sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  *Descamps*, 133 S. Ct. at 2281-83.  But the Armed Career Criminal Act does not apply to Petitioner's case, as he was not charged or sentenced under that Act.  (See CR Dkts. 1, 32.)  Therefore, the rule announced in *Descamps* does not render Petitioner's motion timely.  *See United States v. Burton*, 2014 U.S. App. LEXIS 8585, at *5-6 (11th Cir. May 7, 2014) (unpublished) (finding that *Descamps* was inapplicable because it involved a statute that did not pertain to Burton's case, and did not address whether Burton's convictions would qualify as controlled substance offenses).  Accordingly, Petitioner has not demonstrated a manifest error of law or fact that would entitle him to relief.

Petitioner goes on in his Rule 59(e) motion to argue the merits of his § 2255 motion. Because he has failed to show that his § 2255 motion could be considered timely filed, Petitioner is not entitled to further review of his motion on the merits.[1]

Accordingly, it is

ORDERED AND ADJUDGED that Petitioner's "Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure ('Fed.R.Civ.P.') 59(e)" (CV Dkt. 4) is DENIED.

It is further ORDERED that Petitioner is not entitled to a certificate of appealability. A previous order (CV Dkt. 2) denied Petitioner a certificate of appealability. Petitioner demonstrates neither that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), nor that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

**DONE** and **ORDERED** in Tampa, Florida on August 5, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
ML:sa

---

[1] The Court's order denying Petitioner's § 2255 motion provided that, even if the motion was timely, Petitioner's claims would fail on the merits. (Dkt. 2, p. 6.)